UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MERVYN FRANKEL,

                Plaintiff,

   -v-                                         No. 06 Civ. 5450 (LTS)(DFE)
                                                  No. 07 Civ. 3436 (LTS)(DFE)
CITY OF NEW YORK, et al.,

                Defendants.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

        Plaintiff Mervyn Frankel ("Frankel" or "Plaintiff") asserts age discrimination, religious discrimination and retaliation claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"); and New York State Executive Law §§ 296-97 ("NYHRL").  He has named as defendants his employer, the New York City Department of Environmental Protection ("DEP"); DEP employees Telecommunications Director Keino Leitch, Assistant Commissioner Cecil McMaster, Supervisor Romel Osbourne, and EEO Officer Martha Osenni; and the City of New York (collectively, "Defendants").  The controversy is properly within the Court's subject matter jurisdiction as the ADEA and Title VII claims arise under federal law and the NYHRL claims invoke the Court's supplemental jurisdiction.  28 U.S.C. §§ 1331, 1367.

        The two above-captioned actions were consolidated by the Court on July 11, 2007

Case 1:06-cv-05450-LTS   Document 64   Filed 02/25/09   Page 2 of 8


and the case has proceeded under case number 06 Civ. 5450.  Defendants have moved for summary judgment and Plaintiff has cross-moved for summary judgment.  The Court referred the cross motions for summary judgment to Magistrate Judge Douglas F. Eaton for a Report and Recommendation ("Report"), pursuant to Rule 72 of the Federal Rules of Civil Procedure.  On August 11, 2008, Magistrate Judge Eaton issued the Report, recommending that the Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment.  Plaintiff submitted objections to the Report and Defendants submitted opposition papers to Plaintiff's objections.  The Court has considered thoroughly the record herein, including the parties' briefing papers, the Report, and Plaintiff's objections.  For the reasons set forth below, the Court adopts Judge Eaton's recommended conclusion, grants Defendants' motion for summary judgment, denies Plaintiff's motion for summary judgment and dismisses the consolidated case with prejudice.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is to be granted in favor of a moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the burden of establishing that no genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Evidence must be viewed in a light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party.  Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008).  In the summary judgment context, a fact is material "if it 'might affect the outcome of the suit under the governing law,'" and "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Holtz v. Rockefeller & Co., 258 F.3d 62,

SJ.WPD          VERSION 2/25/09                                                                                          2

69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The

non-moving party "must do more than simply show that there is some metaphysical doubt as to

the material facts. . . . [T[he nonmoving party must come forward with specific facts showing

that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002)

(quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)

(alteration in original)).  "[M]ere conclusory allegations, speculation or conjecture" will not

provide a sufficient basis for a non-moving party to resist summary judgment.  Cifarelli v. Vill.

of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

      When reviewing a magistrate's report, the Court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. §

636(b)(1)(C) (West 2008).  The Court must make a de novo determination to the extent that a

party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121

F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply

reiterates the original arguments, the Court will review the report strictly for clear error.  See

Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003);

Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382

(W.D.N.Y. 1992).  Similarly, "objections that are merely perfunctory responses argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original

[papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL

31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  Objections to a report must be specific and clearly

aimed at particular findings in the magistrate's proposal.  Camardo, 806 F. Supp. at 381-82.

      Judge Eaton's Report provides a thorough recitation of the consolidated case's

procedural history as well as the facts alleged and arguments asserted by the parties.  Familiarity

with the Report is assumed.  The Report summarizes the fatal flaws in Plaintiff's claims as follows:

> the age discrimination claim fails because no rational jury could find that Frankel has been subjected to an 'adverse employment action.'  His religious discrimination claim [fails because] . . . no rational jury could find that there was an 'employment requirement' which conflicts with his religious beliefs.  His retaliation claims fail because no rational jury could find that he has been subjected to a 'materially adverse action,' defined as that which 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'

(Report ¶ 5.)  Plaintiff's objections largely rehash arguments previously submitted; indeed, Plaintiff states in his objection submission ("Pl.'s Obj.") that "all arguments and references in this response have previously been submitted to the court – no arguments are new."  Pl.'s Obj. at p. 7.  Such recycled assertions only require the Court to review the Report for clear error. Pearson-Fraser, 2003 WL 43367 at *1.  The Report evinces Judge Eaton's thorough consideration of the record and proper treatment of the relevant legal principles, and the Court concludes without difficulty that the Report is not clearly erroneous and is worthy of adoption on that basis alone.  Yet, in an abundance of caution, the Court will treat certain of Plaintiff's objections as sufficiently specific to invite *de novo* review of the Report.

The Court analyzes an ADEA claim of age discrimination under the McDonnell Douglas burden-shifting analysis.  "To prevail on an ADEA claim under the McDonnell Douglas 'pretext' rubric, the plaintiff must first establish a *prima facie* case by showing membership in a protected class, qualification for the position, an adverse employment action, and circumstances that give at least minimal support to an inference of discrimination."  Galabya v. New York City Bd. of Educ., 202 F.3d 636, 639 (2d Cir. 2000).  The "adverse employment action" must be "more disruptive than a mere inconvenience or an alteration of job responsibilities.  Instead, a

materially adverse change must be of the order of a termination of employment, a demotion

evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits,

significantly diminished material responsibilities, or the like."  Shapiro v. New York Dep't of

Educ., 561 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) (citing Curran v. All Waste Systems, Inc., 213

F.3d 625 (2d Cir. 2000)).  Neither a "mere reassignment," nor a "lateral transfer," nor a change in

job responsibilities, nor employment actions that merely reduce a plaintiff's job satisfaction,

constitute an adverse employment action.  Staff v. Pall Corp., 233 F. Supp. 2d 516, 532-33

(S.D.N.Y. 2002), Allah v. City of New York Dep't of Parks & Rec., 162 F. Supp. 2d 270, 274

(S.D.N.Y. 2001).

        There is no genuine issue of material fact as to whether Plaintiff has suffered an

adverse employment action: the record, viewed in the light most favorable to Plaintiff, reveals

that he has not.  Plaintiff does not dispute that his assignment to the Network Design and

Administration group ("Networking") did not affect his salary, benefits, or seniority.  See Report

¶ 26.  Plaintiff cannot sustain a "failure to promote" ADEA claim because, as he concedes, he

never applied for a higher position at DEP.  Madden Decl., Ex. C, at 53:19; Butts v. New York

Dep't of Hous. Preservation & Dev., No. 00 Civ. 6307, 2007 Westlaw 259937, *10-12 (S.D.N.Y.

Jan. 29, 2007).  Plaintiff's negative performance evaluations do not constitute adverse

employment actions.[1]  See Meder v. City of New York, No. 05 Civ. 919, 2007 U.S. Dist. LEXIS

---

[1]    Plaintiff objects that the Report's conclusion in this regard is inconsistent with the
holding of the district court in Shapiro v. New York Dep't of Educ., 561 F. Supp. 2d 413
(S.D.N.Y. 2008).  However, the crucial distinction between Shapiro and Plaintiff's case is
that, in the former, the teacher plaintiffs' negative performance evaluations directly led to
negative economic consequences and reduced professional opportunities.  Shapiro, 561 F.
Supp. 2d at 423 ("Plaintiffs have adduced evidence that the consequences of [their
negative performance evaluations]  include: (a) being removed from "per session" ( i.e.
extracurricular) paid positions; (b) being barred from applying for per session positions

30874, at *12 (E.D.N.Y. Apr. 27, 2007) ("the written criticisms . . . even if unjustified . . . are not adverse employment actions").  The additional bases of Plaintiff's grievance – e.g., alteration of his responsibilities, change in the chain of reporting, relocation of his workspace – also do not constitute adverse employment actions.

Plaintiff objects that Judge Eaton erred by not considering whether his ADEA claim is viable under a "disparate treatment" analysis.  This objection is incorrect as a matter of law.  A court engages in the "disparate treatment" analysis to determine whether the plaintiff has satisfied the fourth element of the McDonnell Douglas analysis: that the circumstances give at least minimal support to an inference of discrimination.  See, e.g., Hamilton v. Mount Sinai Hosp., 528 F. Supp. 2d 431, 448 (S.D.N.Y. 2007) ("evidence of an employer's disparate treatment of employees in the ADEA's protected class and younger employees can give rise to an inference of discrimination").  That analysis is unnecessary in this case because Plaintiff has failed to make the requisite demonstration that a genuine issue of material fact exists as to whether he suffered an adverse employment action.

The Court's consideration of Plaintiff's objections to the Report and *de novo* review of his claim compel the conclusion that summary judgment as a matter of law should be granted in Defendant's favor with respect to Plaintiff's ADEA claim.  Plaintiff's retaliation claims similarly depend upon the establishment of an adverse employment action, Kessler v. Westchester Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006), and thus summary

--------

for five years; (c) inability to work in summer school; (d) lost income, including inability to move up a salary step; (e) reduced pension benefits; (f) inability to transfer within the school district; and (g) damaged professional reputations and stymied careers").  In Plaintiff's case there is no evidence that his negative evaluations resulted in any such consequences.

judgment as a matter of law should be granted in Defendant's favor with respect to those claims as well.

Turning to Plaintiff's Title VII religious discrimination claim, the Court's analysis begins with the Second Circuit's holding that a plaintiff must demonstrate that his religious beliefs "conflict[ed] with an employment requirement" in order to establish a *prima facie* case. Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006).  As previously stated, Plaintiff must "come forward with specific facts showing that there is a genuine issue for trial" with respect to each essential element of the claim to survive summary judgment.  Caldarola, 298 F.3d at 160. Plaintiff claims that DEP discriminated against him by placing him in the Networking group, which occasionally conducts network implementations on Friday evenings and Saturdays ("Overtime Implementations").  Participation in the Overtime Implementations would conflict with Plaintiff's religious beliefs that prohibit him from working on the Jewish Sabbath.  Yet it is undisputed that DEP did not obligate Plaintiff  to participate in the Overtime Implementations; they are voluntary, overtime work.  Nor was Plaintiff ever penalized for not participating in them. See Pl.'s 56.1 Stmt. ¶ 112; Madden Decl., Ex. C, 123:9-18, 132:1-7, 175:2-11.  The Report properly concluded that Plaintiff has not established a *prima facie* case of religious discrimination and Defendants are entitled to summary judgment as a matter of law with respect to that claim.

Plaintiff objects to this conclusion as follows: "Plaintiff defines employment requirement in terms of personal functionality within the group and Plaintiff has met this requirement."  Pl.'s Obj. at p. 29.  Plaintiff's preferred definition of "employment requirement" lacks any legal authority to support it and contradicts the plain meaning of "requirement."  Judge Eaton did not commit clear error when he determined that participation in the Overtime

Implementations was not an "employment requirement," and under a *de novo* standard of review the Court reaches the same conclusion.

Plaintiff's claims pursuant to the New York State Executive Law are subject to the same analysis as his ADEA and Title VII claims. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). Correspondingly, Defendant is granted summary judgment as a matter of law with respect to those claims as well.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Eaton's Report and Recommendation, grants Defendants' motion for summary judgment in its entirety and denies Plaintiff's motion for summary judgment. Both of the above-captioned cases are dismissed with prejudice. This order resolves docket entry nos. 31, 37, 47 and 48 in case no. 06 Civ. 5450. The Clerk of Court is respectfully requested to enter judgment in Defendant's favor and close both cases.

SO ORDERED.

Dated:     New York, New York
           February 25, 2009

LAURA TAYLOR SWAIN
United States District Judge

SJ.WPD          VERSION 2/25/09                                                          8